IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: FEBRUARY 10, 2009
09CV849
JUDGE DOW
MAGISTRATE JUDGE DENLOW
PH

| | | |
|---|---|---|
| **PAUL O'REILLY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| **RED BULL NORTH AMERICA, INC.** | ) | **Jury Demand Requested** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES, Plaintiff, PAUL O'REILLY, by and through his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, RED BULL NORTH AMERICA, INC., states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

### PARTIES

4. Plaintiff, PAUL O'REILLY, was born in Ireland, and is a resident of the State of

Illinois.

5. Defendant, RED BULL NORTH AMERICA, INC. is a corporation properly recognized and sanctioned by the laws of the State of California. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.

**COUNT I – NATIONAL ORIGIN DISCRIMINATION – 42 U.S.C. § 1981**

6. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7. On or about February 5, 2007, Defendant recruited and hired Plaintiff as a Division on Premise Manager.

8. In his position as a Division on Premise Manager, Plaintiff managed nine (9) employees.

9. Throughout Plaintiff's employment, Plaintiff met Defendant's legitimate expectations, as evidenced by Plaintiff's annual performance evaluation, bonus, and merit-based salary raise.

10. On or about June 2008, Dale Bishop became Plaintiff's direct supervisor, and Defendant's Director of Sales on Premise.

11. Defendant employed two (2) other Division on Premise Managers under the supervision of Plaintiff's supervisor, Dale Bishop, neither of whom are of Irish national origin.

12. On or about September 2008, only a few days prior to both of Plaintiff's biggest annual projects, Bishop provided Plaintiff his mid-year review in contravention of Defendant's customary practice of providing employees their mid-year reviews in June.

13. Defendant customarily provides its employees with their mid-year reviews in June to allow employees' the opportunity to improve upon their performance in order to assist them in meeting their year-end goals and objectives.

14. Bishop's September 2008, mid-year review of Plaintiff contained false accusations regarding Plaintiff's performance, and further imposed upon Plaintiff impossible expectations.

15. Given the close proximity of Plaintiff's mid-year review to his biggest annual projects and the end of the year, Plaintiff was not afforded a legitimate opportunity to improve any purported performance deficiencies.

16. Prior to September 2008, Plaintiff was never notified of any deficiencies with respect to his performance.

17. More importantly, Plaintiff's 2008 mid-year review manifested the disparate terms and conditions imposed upon Plaintiff, as compared to Plaintiff's non-Irish coworkers similarly situated to him. Such disparate terms and conditions included, without limitation:

   (a) Impossible and disparate goals for Plaintiff to achieve with respect to Perfect Serve Accounts; and

   (b) Falsely accusing Plaintiff of failing to push his team to achieve their goals, despite each member of Plaintiff's team receiving performance-based bonuses from Defendant.

18. In response to Defendant's trumped up and false accusations regarding his performance, Plaintiff promptly made a detailed refutation of his mid-year review to Bishop.

19. On September 6, 2008, and September 13, 2008, following Plaintiff's mid-year review, Plaintiff managed his team, and organized Defendant's involvement with Flutag and Moto

GP, which are two (2) of Defendant's major marketing events. Plaintiff managed his assignments with respect to both key events successfully, in spite of each event occurring for the first time.

20. Unlike Plaintiff, Bishop did not require the other two (2) non-Irish Division on Premise Managers, under his supervision, to organize two (2) large marketing events in such close proximity to their mid-year and end-of-the year reviews.

21. On November 10, 2008, Bishop scheduled a meeting with Plaintiff. At their November 10, 2008, meeting, Bishop informed Plaintiff that Plaintiff was "not the person for the position," which disregarded Plaintiff's successes on Flutag, Moto GP, and his team's successful year-end performance reviews.

22. Further, Bishop informed Plaintiff on November 10, 2008, that he would not be providing Plaintiff with a performance improvement plan, which is an accommodation customarily afforded to Defendant's employees prior to terminating their employment, as Bishop informed Plaintiff that he would nonetheless terminate Plaintiff's employment.

23. Following their November 10, 2008, meeting, Bishop engaged in several attempts to convince Plaintiff to resign from his employment.

24. On or about December 17, 2008, Bishop told Plaintiff that he would either have to resign or be placed on a performance improvement plan, in spite of Bishop's earlier representation on November 10, 2008, that he would nonetheless terminate Plaintiff's employment without regard to Plaintiff's success on his performance improvement plan.

25. In or about December 2008, Defendant provided each of Plaintiff's subordinates with a team bonus. In addition, the other non-Irish Division on Premise Managers under the supervision of Dale Bishop also received bonuses, in spite of their similar and lesser performance. Unlike the

treatment afforded to Plaintiff's coworkers, Defendant failed to provide Plaintiff with an annual bonus.

26. On December 19, 2008, Plaintiff contacted his Human Resources Representative, Laura, to engage in statutorily protected activity by making a complaint of unfair and inequitable treatment as compared to Plaintiff's non-Irish coworkers, similarly situated to him.

27. On January 5, 2008, Defendant terminated Plaintiff's employment on false charges without providing Plaintiff the opportunity to work on a performance improvement plan as customarily afforded to Defendant's employees.

28. Defendant's basis for terminating Plaintiff's employment is manifested as pretext for national origin discrimination, as lesser performing non-Irish coworkers, similarly situated to Plaintiff were able to maintain their employment.

29. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his national origin, Irish, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

30. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, PAUL O'REILLY, prays for judgment against Defendant, RED BULL NORTH AMERICA, INC., and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under

appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of national origin;

C. Order Defendant to make whole PAUL O'REILLY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to PAUL O'REILLY;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - RETALIATION - § 1981

31. Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set forth herein.

32. On December 19, 2008, Plaintiff made a complaint to his Human Resources representative, Laura, with respect to unfair and inequitable treatment he was receiving, as compared to his non-Irish coworkers.

33. Plaintiff's December 19, 2008, complaint constitutes statutorily protected activity pursuant to 42 U.S.C. § 1981.

34. In the aftermath of Plaintiff's statutorily protected activity, Defendant terminated Plaintiff's employment on January 5, 2009, upon a false basis.

6

35. Defendant's termination of Plaintiff's employment is manifested as pretext for retaliation as Plaintiff's similarly situated coworkers, who did not engage in statutorily protected activity, were not terminated in spite of their similar and lesser performance.

36. The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

37. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, PAUL O'REILLY, prays for judgment against Defendant, RED BULL NORTH AMERICA, INC., and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole PAUL O'REILLY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to PAUL O'REILLY;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

38. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

        Respectfully submitted,
        PAUL O'REILLY, Plaintiff,

        By: s/Lisa Kane
        Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates, P.C.
Attorney for Plaintiff
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093